United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE CANDLER,<br><br>    Plaintiff,<br><br>  v.<br><br>J.S. WOODFORD, et al.,<br><br>    Defendants.<br>_____ | No. C 04-5453 MMC (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR INDICATE THAT SUCH MOTION IS NOT WARRANTED; DENYING APPOINTMENT OF COUNSEL**<br><br>(Docket No. 3) |

Keith Wayne Candler, proceeding pro se and currently incarcerated in Salinas Valley State Prison ("SVSP"), filed the above-titled civil rights action under 42 U.S.C. § 1983 against various SVSP officials, alleging they used excessive force against him and then failed to treat his injuries properly. In a separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**BACKGROUND**

Plaintiff makes the following allegations in his complaint. On October 10, 2003,[1] defendants J. Pacheco ("Pacheco"), R. Machuca ("Machuca") and J. Abuyen ("Abuyen"), all correctional officers, escorted him back to his cell from the showers. After plaintiff entered his cell, defendant M. Banuelos ("Banuelos"), a correctional officer in charge of opening and closing the cell doors, did not close plaintiff's cell door. Abuyen followed plaintiff into the cell and punched him in the head and face with his fists while Pacheco and Machuca watched from just outside the cell. When plaintiff began "swinging wild" to protect himself, Pacheco

---

[1] All dates in this order are in 2004, unless otherwise specified.

1 and Machuca rushed in and began hitting plaintiff in the face and head until he fell to the
2 ground.  Abuyen sat on his lower back , while Pacheco and Machuca kept punching him in the
3 face.  Plaintiff was then handcuffed, and Banuelos set off the alarm.  Abuyen resumed punching
4 plaintiff in the head and face, splitting open plaintiff's lip, after which he scraped plaintiff's
5 forehead along the cell floor.  Plaintiff was bleeding; a spit net was placed over plaintiff's head,
6 preventing him from breathing properly; and he was placed in leg irons.

7 Plaintiff was next taken to an outside holding cell, where he was handcuffed to a steel
8 ring.  Defendants J. Vasquez ("Sgt. Vasquez") and two other guards who had responded to the
9 alarm, defendants H. Gonzalez ("Gonzalez") and D. Rocha ("Rocha"), were present while
10 plaintiff was in the outside cell.  Plaintiff complained to these three guards that the handcuffs
11 were too tight, but they refused to loosen them.  Plaintiff thereafter lost consciousness for two
12 hours.  After he awoke, defendant M. Starr ("Starr"), a nurse, came to the holding cell and
13 wrote down the injuries to plaintiff's face and head.  When plaintiff told Starr about the injuries
14 to his wrists and ankles from the tight handcuffs and the leg irons, Starr responded that they
15 weren't serious enough to write down.  Sgt. Vasquez, Gonzalez, Rocha and Starr did not provide
16 plaintiff access to medical care during the approximately five hours he was in the outside
17 holding cell.  After that time, plaintiff was taken to the office of Lieutenant Ortiz ("Ortiz"),
18 where plaintiff related his version of the incident on videotape, and also wrote it down.  Ortiz
19 had plaintiff escorted to the medical clinic, where plaintiff received treatment for his injuries,
20 including stitches in his lip.

21 Plaintiff was disciplined for committing battery on a peace officer in connection with
22 the above-described events.

### DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner
seeks redress from a governmental entity or officer or employee of a governmental entity.
See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and
dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be

granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claim**

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). "'After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986). Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6 (1992). In making this determination, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Id. at 7. Liberally construed, plaintiff's allegations that Pacheco, Machuca and Abuyen participated in a beating of plaintiff both before and after he was handcuffed, and that Banuelos made such actions possible by leaving plaintiff's cell door open, state a cognizable claim that each of said defendants violated his Eighth Amendment right to be free from the use of excessive force.

Plaintiff also claims that Sgt. Vasquez, Gonzalez, Rocha and Starr failed to provide him with access to medical care to treat his injuries, and that Vasquez, Gonzalez, and Rocha refused his request to loosen his handcuffs. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual Estelle v. Gamble, 429 U.S. 97,

3

104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A claim of mere negligence in connection with medical conditions is not enough to make out a violation of the Eighth Amendment. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (holding isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).

     Here, according to plaintiff's allegations, he was given medical care after he provided his statement to Lieutenant Ortiz. There is no allegation that the medical treatment he received was inadequate or insufficient, or that the delay in his receiving medical care rendered the treatment he received less effective. To the extent any failure to act on the part of the four above-referenced defendants caused plaintiff's treatment to be delayed for a period of hours, such inaction, without more, does not rise to the level of deliberate indifference to plaintiff's medical needs. See Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); see also Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002) (finding delay of two days for treating dental emergency not an 8th Amendment violation); compare McGuckin, 974 F.2d at 1060, 1062 (finding delay of seven months in providing medical care sufficient to present colorable § 1983 claim). On the other hand, liberally construed, plaintiff's allegations that Vasquez, Gonzalez and Rocha refused to loosen his handcuffs over the course of five hours, and that this resulted in cuts and scars to his wrists, does state a cognizable claim under the Eighth Amendment for use of excessive force.

//

## CONCLUSION

In light of the foregoing, the Court orders as follows:

4

1.      The Clerk of the Court shall issue summons and the United States Marshall shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Correctional Officers J. Abuyen, R. Machuca, J. Pacheco, M. Banuelos, D. Rocha, H. Gonzalez and Sergeant J. Vasquez** at **Salinas Valley State Prison.** The Clerk shall also serve a copy of this order on **plaintiff** and the **California Attorney General's Office**.

2.      The claims against defendant Starr are DISMISSED for failure to state a cognizable claim for relief.

3.      In order to expedite the resolution of this case, the Court orders as follows:

a.      No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, including all of the medical records relating to the allegations in the complaint.

**<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment

5

> is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

      Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

      c.    Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

      d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      4.    All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

      5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

      6.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely

fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      7.     Extensions of time are not favored, though reasonable extensions will be granted. However, any motion for an extension of time must be filed no later than the deadline sought to be extended.

      8.     Plaintiff's motion for appointment of counsel is DENIED for want of exceptional circumstances. Plaintiff has been able to adequately present his claims, which do not appear to be especially complex. Should the circumstances of this case materially change, the Court may reconsider plaintiff's request sua sponte.

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED:

_____
MAXINE M. CHESNEY
United States District Judge