**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE CANDLER, | No. C 04-5453 MMC (PR) |
| Plaintiff, | **ORDER DENYING MOTION FOR STAY; DENYING MOTION TO COMPEL** |
| v. | |
| J.S. WOODFORD, et al., | (Docket Nos. 26 & 29) |
| Defendants. | |

Keith Wayne Candler, proceeding pro se and currently incarcerated in Salinas Valley State Prison ("SVSP"), filed the above-titled civil rights action under 42 U.S.C. § 1983 against various SVSP officials. After reviewing the complaint, the Court found cognizable plaintiff's excessive force claims against defendants J. Abuyen, R. Machuca, J. Pacheco, and M. Banuelos, and plaintiff's claims of deliberate indifference to his serious medical needs against defendants D. Rocha ("Rocha"), H. Gonzalez ("Gonzalez") and J. Vasquez ("Vasquez"). Now before the Court is defendants' motion to stay the action until January 2007, when Vasquez is expected to return from active military service. Plaintiff has filed an opposition to defendants' motion, as well as a motion to compel discovery.

The 1940 Soldiers' and Sailors' Civil Relief Act ("Act") gives federal courts discretion to stay legal proceedings during, and up to ninety days after, a defendant's active

military service. 50 U.S.C. §§ 510, 511(4), 525(a). As relevant to the instant action, it is undisputed that defendant Vasquez is a member of the Army National Guard, that he was ordered into active military service in July 2005, that he is currently stationed in an unknown location overseas, and that his tour of active duty is expected to last until January 2007. It is also undisputed that defense counsel is not able to communicate with Vasquez due to his military service. Thus, if the case were to proceed to trial before or within several months of January 2007, it is unlikely that Vasquez would be able to participate meaningfully in the defense of plaintiff's claims against him.

Nevertheless, it appears from the facts alleged in the complaint that Vasquez is not so dissimilarly situated from defendants Rocha and Gonzalez that any dispositive motion filed on their behalf could not be filed on Vasquez's behalf as well. If, however, counsel is of the opinion that the filing of such motion is not feasible at this time as to Vasquez, counsel shall so indicate in lieu of filing the motion on behalf of Vasquez, and Vasquez will be permitted to file a dispositive motion following his return. Similarly, if a dispositive motion on behalf of Vasquez is filed and denied before his return, such motion may be renewed thereafter if Vasquez is able to provide additional information in support thereof. Finally, if upon Vasquez's return, Vasquez has evidence bearing on a dispositive motion filed and denied on behalf of any other defendant, such defendant likewise may move to renew that defendant's dispositive motion.

In sum, the absence of Vasquez does not require a stay of the proceedings as to any defendant at this stage of the litigation. If, following the resolution of any dispositive motion filed pursuant to the provisions outlined below, a trial of this matter will be necessary, defendants may renew their request for a stay at that time.

Lastly, as noted, plaintiff has filed a motion to compel discovery of documents from defendants. Plaintiff may not file a motion to compel discovery until he satisfies the "meet and confer" requirements of the discovery rules. See Fed. R. Civ. P. 37(a)(2)(A). It is clear from plaintiff's motion that he has not done so.

//

2

In light of the foregoing, the Court hereby orders as follows:

1. Defendants' motion for a stay is DENIED without prejudice to defendants' renewing such motion following the resolution of any dispositive motion filed pursuant to the following paragraph.

2. Within sixty days of the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion, or shall indicate they are of the opinion that these claims cannot be resolved by such motion, in accordance with the May 13, 2005, Order of Service in this matter. All of the provisions of the Order of Service not inconsistent with this order remain in effect.

3. Plaintiff's motion to compel is DENIED.

This order terminates Docket Nos. 26 and 29.

IT IS SO ORDERED.

DATED: September 29, 2005

MAXINE M. CHESNEY
United States District Judge