IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE CANDLER, | No. C 04-5453 MMC (PR) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL** |
| v. | |
| J.S. WOODFORD, et al., | |
| Defendants. | **(Docket Nos. 26 & 44)** |

On December 27, 2004, plaintiff, a California prisoner proceeding pro se and currently incarcerated at California State Prison-Sacramento, filed the above-titled civil rights action under 42 U.S.C. § 1983. On May 13, 2005, after reviewing the complaint, the Court found plaintiff had stated cognizable Eighth Amendment claims against several officials at Salinas Valley State Prison ("SVSP"), where plaintiff was incarcerated when the events giving rise to his claims arose. In the same order, the Court directed defendants to file a dispositive motion or, in the alternative, a notice indicating defendants are of the opinion such a motion is not warranted.

On January 27, 2006, defendants filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground plaintiff has failed to exhaust his administrative remedies. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003) (providing nonexhaustion claim should be raised in unenumerated Rule 12(b) motion rather than in motion for summary judgment). As an alternative ground for dismissal, defendants argue that one of plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be

granted.

On February 2, 2006, plaintiff filed an opposition to the motion to dismiss. Thereafter, on August 23, 2006, the Court granted plaintiff leave to file a supplemental opposition, in accordance with Wyatt. See id. at 1120 n.14 (holding court must assure pro se prisoner plaintiff has "fair notice of his opportunity to develop a record" in opposition to unenumerated Rule 12(b) motion). In correspondence filed October 3, 2006, plaintiff advised the Court he would not file supplemental briefing or further evidence in this matter. On October 11, 2006, defendants filed a reply to plaintiff's opposition. Also before the Court is plaintiff's motion to compel discovery, filed December 5, 2005.

## FACTUAL BACKGROUND

The following summary of plaintiff's factual allegations is taken from the Court's order of service:

> Plaintiff makes the following allegations in his complaint. On October 10, 2003, defendants J. Pacheco ("Pacheco"), R. Machuca ("Machuca") and J. Abuyen ("Abuyen"), all correctional officers, escorted him back to his cell from the showers. After plaintiff entered his cell, defendant M. Banuelos ("Banuelos"), a correctional officer in charge of opening and closing the cell doors, did not close plaintiff's cell door. Abuyen followed plaintiff into the cell and punched him in the head and face with his fists while Pacheco and Machuca watched from just outside the cell. When plaintiff began "swinging wild" to protect himself, Pacheco and Machuca rushed in and began hitting plaintiff in the face and head until he fell to the ground. Abuyen sat on his lower back, while Pacheco and Machuca kept punching him in the face. Plaintiff was then handcuffed, and Banuelos set off the alarm. Abuyen resumed punching plaintiff in the head and face, splitting open plaintiff's lip, after which he scraped plaintiff's forehead along the cell floor. Plaintiff was bleeding; a spit net was placed over plaintiff's head, preventing him from breathing properly; and he was placed in leg irons.
>
> Plaintiff was next taken to an outside holding cell, where he was handcuffed to a steel ring. Defendants J. Vasquez ("Sgt. Vasquez") and two other guards who had responded to the alarm, defendants H. Gonzalez ("Gonzalez") and D. Rocha ("Rocha"), were present while plaintiff was in the outside cell. Plaintiff complained to these three guards that the handcuffs were too tight, but they refused to loosen them. Plaintiff thereafter lost consciousness for two hours. After he awoke, defendant M. Starr ("Starr"), a nurse, came to the holding cell and wrote down the injuries to plaintiff's face and head. When plaintiff told Starr about the injuries to his wrists and ankles from the tight handcuffs and the leg irons, Starr responded that they weren't serious enough to write down. Sgt. Vasquez, Gonzalez, Rocha and Starr did not provide plaintiff access to medical care during the approximately five hours he was in the outside holding cell. After that time, plaintiff was taken to the office of Lieutenant Ortiz ("Ortiz"), where plaintiff related his version of the

incident on videotape, and also wrote it down. Ortiz had plaintiff escorted to the medical clinic, where plaintiff received treatment for his injuries, including stitches in his lip.

Plaintiff was disciplined for committing battery on a peace officer in connection with the above-described events.

(Order of Service, filed May 13, 2005, at 1:20-2:22.)

## DISCUSSION

In its order of service, the Court found plaintiff's complaint stated two cognizable claims. First, the Court found plaintiff's complaint stated a claim against defendants Abuyen, Banuelos, Machuca and Pacheco, for allegedly using excessive force during the altercation with plaintiff in plaintiff's cell (hereinafter "cell claim"). Second, the Court found plaintiff's complaint stated a claim against defendants Gonzalez, Rocha and Vasquez, for allegedly using excessive force when they refused to loosen plaintiff's handcuffs over a five-hour period following the cell incident (hereinafter "handcuffs claim"). Defendants argue that both claims must be dismissed because plaintiff failed to exhaust his administrative remedies. Defendants further argue that plaintiff's cell claim must be dismissed because it fails to state a claim upon which relief may be granted. For the reasons discussed below, the motion to dismiss will be granted in part and denied in part.

A.    Motion to Dismiss for Failure to Exhaust Administrative Remedies

   1.    Standard of Review

Nonexhaustion under § 1997e(a) is an affirmative defense; defendants have the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. A nonexhaustion defense should be raised in an unenumerated Rule 12(b) motion. Id. In deciding such a motion, the district court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20.[1] If the court concludes the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the complaint without prejudice. Id.

---

[1] If the court looks beyond the pleadings in deciding an unenumerated motion to dismiss for failure to exhaust, the court must give the prisoner fair notice of his opportunity to develop a record. Id. at 1120 n.14. As noted above, plaintiff was given such notice by the Court on August 23, 2006.

3

at 1120.

Dismissal of the entire complaint is not required when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. Jones v. Bock, 127 S. Ct. 910, 925-26 (2007); Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005). The proper treatment of a mixed complaint, that is, a complaint with both exhausted and unexhausted claims, will depend on the relatedness of the claims contained within. Id. at 1175. When a prisoner has filed a mixed complaint and wishes to proceed with only the exhausted claims, the district court should dismiss only the unexhausted claims, provided the unexhausted claims are not intertwined with the properly exhausted claims. Id. On the other hand, when a plaintiff's mixed complaint includes exhausted and unexhausted claims that are closely related and difficult to untangle, the proper procedure is dismissal of the defective complaint with leave to amend to allege only fully exhausted claims. Id. at 1176.

2.     The Exhaustion Requirement

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006). Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion requirement requires "proper exhaustion" of all available administrative remedies. Woodford, 126 S. Ct. at 2387.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must

4

proceed through several levels of appeal: (1) informal review, (2) first formal written appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation ("Director"). See Barry v Ratelle, 985 F. Supp 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). See id. at 1237-38.

      3.    Analysis

Defendants argue that plaintiff did not exhaust his administrative remedies as to either the cell claim or the handcuffs claim, because he did not receive a decision from the Director's level of review as to either claim before he filed the instant action.

In support of their argument, defendants submit a declaration by N. Grannis ("Grannis"), Chief of the Inmate Appeals Branch ("IAB") at the California Department of Corrections and Rehabilitation. The IAB keeps an electronic record of each inmate appeal that has proceeded through the Director's level of review since 1997. (Decl. N. Grannis Supp. Defs.' Mot. Dismiss ("Grannis Decl.") ¶ 3.) Grannis searched the database containing records of all administrative appeals submitted to the Director's level of review between October 10, 2003, the date of the incidents that give rise to the claims in plaintiff's complaint, and December 27, 2004, the date plaintiff filed the instant action. (See id. ¶ 4). The search revealed that during that time period plaintiff submitted and received a decision for one appeal at the Director's level of review. (See id. ¶ 5 & Exs. A, B). That appeal, Appeal No. 04-00032, did not concern the claims raised in plaintiff's complaint; it concerned an unrelated incident that occurred on December 16, 2003, when Officer Marin, who is not a defendant in the instant action, allegedly tightened plaintiff's handcuffs improperly. (See id. ¶ 6 & Ex. B).

      a.    The Handcuffs Claim

Plaintiff does not contest defendants' assertion that he did not exhaust his administrative remedies with respect to the handcuffs claim. Accordingly, because

5

defendants have presented evidence showing plaintiff did not exhaust his administrative remedies as to said claim, the Court will grant the motion to dismiss the claim as unexhausted, and the claim will be dismissed without prejudice to plaintiff's refiling the claim after all available administrative remedies have been exhausted.[2]

        b.      The Cell Claim

Plaintiff argues he exhausted his administrative remedies concerning the cell claim. In their motion to dismiss, defendants acknowledge that plaintiff filed an administrative appeal concerning this claim. They assert, however, that plaintiff's central file contains only a partial copy of the appeal, and that the partial copy shows only that the appeal was bypassed at the informal level of review. (Mot. Dismiss at 5:3 & Decl. A. Cattermole Supp. Defs.' Mot. Dismiss ("Cattermole Decl.") Ex. C.) There is no record that the appeal ever completed the Director's level of review. (Grannis Decl. Ex. A.) Consequently, defendants argue, the claim is unexhausted.

In opposition to defendants' motion to dismiss, plaintiff asserts the claim is exhausted because he received a second-level decision partially granting the appeal, and that no further administrative remedy remained available to him. In support of his opposition plaintiff has submitted a declaration along with attached documents that show the appeal was sent to the second level of review when the informal level of review was bypassed. (Decl. K. Candler ("Candler Decl.") Supp. Opp. to Mot. Dismiss Appeal No. 03-03788.)[3] At the second level of review, the appeal was classified as a "staff complaint" and an investigation was ordered into the matter. (Candler Decl. Second Level Reviewer's Response.) The second-level decision informed plaintiff that his appeal had been partially granted, insofar as an investigation had been ordered and plaintiff would be advised of the findings of the

---

[2] The Court finds the handcuffs claim is not intertwined with the cell claim, which, as discussed below, the Court finds is exhausted. Accordingly, the Court will dismiss the handcuffs claim without requiring plaintiff to file an amended complaint alleging only the cell claim. See Lira, 427 F.3d at 1175.

[3] Plaintiff has attached supporting documents to his declaration. The documents are not numbered as exhibits. Accordingly, the Court identifies the documents with a brief description of their contents.

6

investigation upon completion, but any disciplinary action taken against prison staff would be confidential. (Id.) While the investigation was pending, plaintiff submitted an appeal to the Director's level of review, complaining about the actions of Abuyen, Banuelos, Machuca and Pacheco. (Candler Decl. Appeal No. 03-03788.) In response, Grannis, Chief of the IAB, sent the appeal back to the SVSP Appeals Coordinator with a letter asking for additional information about the appeal. (Candler Decl. Letter to SVSP Appeals Coordinator dated March 30, 2004.) The SVSP Appeals Coordinator returned the appeal to plaintiff, informing plaintiff that his appeal did not need Director's level review because it had been partially granted at the second level of review. (Candler Decl. at 1-2.) Plaintiff sent correspondence to Grannis at the IAB, asking how to proceed. (Candler Decl. Letter to Grannis dated June 29, 2004.) On two separate occasions, Grannis wrote letters informing plaintiff that the IAB was still waiting for materials from the SVSP Appeals Coordinator, and that plaintiff would receive "further resolution" of his appeal from the IAB once the materials were received. (Candler Decl. Letters to Candler August 6, 2004; December 9, 2004.) By the time plaintiff filed the instant action on December 27, 2004, he had received no Director's-level decision on his appeal.

In their reply to plaintiff's opposition, defendants do not contest the appeal history set forth by plaintiff. Rather, they maintain that even though plaintiff received a partial grant of his appeal at the second level of review, he still was required to exhaust his administrative remedies through the Director's level of review, and the lack of a Director's-level decision renders his claim unexhausted.

Defendants' argument is foreclosed by the Ninth Circuit's opinion in Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005). In Brown, the Ninth Circuit addressed a case where, as here, a California prisoner had filed an appeal using the California Department of Corrections' ("CDC") internal grievance procedures, complaining that a prison guard had used excessive force against him. Id. at 930. The appeal was denied at the first level of review. Id. At the second level of review, a decision was issued characterizing the prisoner's appeal as a "staff complaint," and informing the prisoner that an investigation would be conducted, that the

7

1 administration would decide on the appropriate action to be taken if necessary, and that the
2 prisoner would not be apprised of any disciplinary action taken as a result of his appeal. Id.
3 at 937. The second-level decision told the prisoner that his appeal had been partially granted
4 because the matter would be investigated. Id. The decision did not tell the prisoner that any
5 further review was available. Id.
6      In deciding whether, under such circumstances, the prisoner was required to proceed
7 beyond the second level of review in order to exhaust his administrative remedies, the Ninth
8 Circuit found that "the reasonable import of [the second-level decision] is that no further
9 relief will be available through the appeals process, but the confidential staff complaint
10 investigation would go forward and could result in some administrative action based on [the
11 prisoner's] complaint." Id. at 937-38. This interpretation of the second-level decision was
12 confirmed by the CDC's policies and manuals, which required that staff misconduct
13 grievances be investigated only through the specialized staff complaint process, thereby
14 negating any possibility of a parallel investigation through the usual appeals process. Id. at
15 938. Accordingly, the Ninth Circuit concluded, no further relief is available to a prisoner
16 through the CDC's appeals process once his appeal is partially granted at the second level of
17 review and a confidential investigation into a staff complaint is launched. Id. at 938-39.
18 Under such circumstances, the prisoner has exhausted his available administrative remedies
19 when the second-level decision is issued, and has no obligation to pursue a Director's-level
20 appeal before proceeding to federal court. Id. at 939.
21      Applying Brown to the facts of the instant case, the Court finds plaintiff has exhausted
22 his available administrative remedies. As in Brown, plaintiff's appeal complaining of the use
23 of excessive force by prison guards was designated a staff complaint at the second level of
24 review; the second-level decision partially granted the appeal by ordering an investigation;
25 the second-level decision informed plaintiff that any disciplinary action taken against the
26 prison guards would be confidential; and the second-level decision did not counsel plaintiff
27 that any further review was available. Further, plaintiff was advised by the SVSP Appeals
28 Coordinator that he could not appeal the second-level decision to the Director's level of

8

review. Accordingly, the Court will deny defendants' motion to dismiss the cell claim for failure to exhaust administrative remedies.

B.  Dismissal Under Rule 12(b)(6)

Defendants argue that even if plaintiff's cell claim is exhausted, the claim cannot proceed because it fails to state a claim upon which relief can be granted. Plaintiff has not addressed this argument in his opposition to the motion to dismiss.

1.  Standard of Review

Rule 12(b)(6) provides for the dismissal of a claim "if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." See Neitzke v. Williams, 490 U.S. 319, 327 (1989). In considering a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). In ruling on a Rule 12(b)(6) motion, the court may not consider any material outside the complaint but may consider exhibits attached thereto. See Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 10(c) (treating exhibits attached to complaint as part of complaint for purposes of ruling on 12(b)(6) motion).

A motion to dismiss may not be granted solely because a plaintiff has not filed an opposition. Even if the plaintiff does not file a response to a motion to dismiss under Rule 12(b)(6), the district court must examine the allegations in the plaintiff's complaint and determine whether the plaintiff states a claim upon which relief can be granted. See Issa v. Comp USA, 354 F.3d 1174, 1178 (10th Cir. 2003); see also Vega-Encarnacion v. Babilonia, 344 F.3d 37, 40-41 (1st Cir. 2003) (same); McCall v. Pataki, 232 F.3d 321, 322-23 (2nd Cir. 2000) (same). A pro se plaintiff who has not responded to a motion to dismiss can rest on the assumed truthfulness and liberal construction afforded his complaint. See Curtis v. Bembenek, 48 F.3d 281, 287 (7th Cir. 1995).

9

2.     Analysis

Plaintiff alleges in his complaint that Abuyen, Banuelos, Machuca and Pacheco used excessive force against him when Banuelos intentionally left plaintiff's cell door open and Abuyen, Machuca and Pacheco beat plaintiff in his cell without cause. Defendants argue that plaintiff cannot proceed with his claims against these defendants because, as a result of the same incident, plaintiff was found guilty at a disciplinary hearing of battery on a peace officer (Abuyen) and was assessed 150 days forfeiture of good-time credits. Consequently, defendants argue, plaintiff's excessive force claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994).

Heck holds that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. Id. at 486-487. Heck's rationale bars a claim for damages for harm caused by the unconstitutional deprivation of good-time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continued confinement, insofar as it implicates the duration of the plaintiff's sentence. See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

In the instant action plaintiff neither challenges the constitutional validity of the disciplinary proceeding finding him guilty of battery on a peace officer, nor seeks the restoration of the good-time credits that were assessed as a result thereof. Defendants argue, however, that plaintiff's excessive force claim is barred under Heck because, if the excessive force claim were proven, it would necessarily imply the invalidity of the finding of guilt on the charge of battery on a peace officer.[4] By analogy, defendants cite to cases finding Heck

---

[4] In support of their argument, defendants have submitted a copy of the results of the disciplinary proceeding. Defendants ask the Court to take judicial notice of the results as evidence of the fact that the length of plaintiff's sentence was altered thereby. As a general rule, a district court may not consider material outside the pleadings in ruling on a Rule 12(b)(6) motion. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). A court

10

bars a § 1983 action for the use of excessive force during an arrest, where the plaintiff has been convicted of resisting arrest or assaulting a police officer. (Mot. Dismiss at 7.)

The Ninth Circuit has made clear that Heck does not bar all such excessive force actions, however. In Smith v. City of Hemet, 394 F.3d 689, 699 (9th Cir. 2005) (en banc), the Ninth Circuit explained that "a § 1983 action is not barred under Heck unless it is clear from the record that its successful prosecution would *necessarily* imply or demonstrate that the plaintiff's earlier conviction was invalid." The plaintiff in Smith had been convicted of resisting a police officer under California Penal Code section 148, and claimed that the officer had used excessive force against him. Id. at 694. In order to determine whether the excessive force claim was barred under Heck, the Ninth Circuit looked to the elements of a conviction for resisting a police officer under section 148, and found that an essential element of such a conviction is that the police officer was "engaged in the performance of his official duties." Id. at 695. Under California law, if such element is admitted or proved, the police officer necessarily was engaged in "lawful" conduct, which, in turn, necessarily excludes the use of excessive force. Id. at 695-96.

The Ninth Circuit thus concluded that where a plaintiff has been convicted under section 148 for resisting a police officer during the course of an arrest, his subsequent § 1983 claim that the police officer used excessive force at the time the arrest was effected would, if successful, necessarily undermine the conviction, and would be barred under Heck. Id. at 697-98. By contrast, if the plaintiff claims the police officer used excessive force either before or after the conduct on which the plaintiff's conviction was based, Heck would not bar his claims that the force was excessive, because the alleged acts of excessive force would not

---

may, however, consider material that is properly submitted as part of the complaint, without converting the motion to dismiss into a motion for summary judgment. Id. If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint "necessarily relies" on them. Id. In the instant matter, in support of plaintiff's claim that Abuyen, Banuelos, Machuca and Pacheco used excessive force against him, plaintiff's complaint references and necessarily relies upon the results of the disciplinary proceeding. (Compl. at 9-10.) Accordingly, the Court will grant defendants' request for judicial notice of the fact that plaintiff was found guilty of battery on Abuyen, and was assessed a forfeiture of 150 days of good-time credits as a result thereof.

11

necessarily invalidate the conviction. Id. at 698. Looking to the record before it in Smith, the Ninth Circuit could not identify the factual basis for the plaintiff's guilty plea to resisting a police officer; consequently, it could not determine whether the acts underlying the conviction occurred during the course of the plaintiff's arrest; accordingly, the Ninth Circuit reversed the district's court's grant of summary judgment, which ruling had been predicated on Heck. Id. at 699.

In the instant action, defendants have not shown that if plaintiff were to prevail on his excessive force claims the validity of the finding that he committed battery on a peace officer necessarily would be implicated. The essential reason defendants' argument fails is because they have not set forth the elements of the charge of which plaintiff was found guilty, battery on a peace officer under California Code of Regulations tit. 15, § 3005(c). Consequently, because defendants have not shown that a finding of their use of excessive force would necessarily negate an element of the battery offense, the Court cannot conclude that plaintiff's claims are barred under Heck. As Smith made clear, a § 1983 claim alleging the use of excessive force will be barred under Heck only where "it is clear from the record that its successful prosecution would *necessarily*" imply the invalidity of the plaintiff's underlying conviction. Smith, 394 F.3d at 699. Accordingly, the Court will deny defendants' motion to dismiss plaintiff's excessive force claim as barred under Heck.

C.   Plaintiff's Motion to Compel

On December 5, 2005, plaintiff filed a motion to compel discovery. Defendants have filed an opposition to the motion to compel, and plaintiff has filed a reply.

In his declaration in support of the motion to compel, plaintiff argues that he requires the following evidence in order to properly pursue his claims in this case: (1) all video-taped evidence related to the case, including video-taped interviews of inmate witnesses conducted by internal affairs, and (2) transcripts relating to the recorded use of the "retention ring" device used on inmates in administrative segregation. Plaintiff also seeks documents concerning: (1) defendants' disciplinary history, (2) use-of-force and restraining training defendants received, and (3) a picture of the "retention ring" device. (Candler Decl. Supp.

Mot. Compel at 4).

Defendants have agreed to allow plaintiff to view his own video-taped interview, but object to producing the evidence generated by the internal affairs investigation, including the video-taped interviews of other inmates. Defendants also object to producing any transcripts, should any exist, of the recorded use of the "retention ring" device on other inmates. (Opp. Mot. Compel at 2.)

When plaintiff filed his motion to compel, and when defendants responded thereto, two claims were pending in the present action – the cell claim and the handcuffs claim. Plaintiff's discovery requests appear to seek evidence pertinent to both claims, although it is unclear to the Court which requests correspond to which claim or claims. Because the Court determined earlier in this order that plaintiff's handcuffs claim must be dismissed, some of plaintiff's discovery requests may no longer be at issue. Accordingly, in the interest of the efficient use of the Court's judicial resources, the Court will deny plaintiff's motion as premature. Such denial is without prejudice, and plaintiff may file a renewed motion to compel, containing only those discovery requests pertaining to plaintiff's one remaining claim, the cell claim. The motion shall be briefed according to the schedule set forth below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to dismiss plaintiff's handcuffs claim for failure to exhaust administrative remedies is GRANTED, and defendants Gonzalez, Rocha and Vasquez are hereby DISMISSED from this action. The dismissal of this claim is without prejudice to plaintiff's refiling the claim after all available administrative remedies have been exhausted.

2. Defendants' motion to dismiss plaintiff's cell claim against defendants Abuyen, Banuelos, Machuca and Pacheco for failure to exhaust administrative remedies and, alternatively, for failure to state a claim upon which relief can be granted, is DENIED.

3. Plaintiff's motion to compel discovery is DENIED without prejudice. No later than **thirty (30)** days from the date of this order plaintiff may file with the Court and serve on defendants a renewed motion to compel discovery. Defendants' opposition to the motion

shall be filed no later than **twenty (20)** days from the date they are served with plaintiff's motion. Plaintiff's reply shall be filed no later than **fourteen (14)** days from the date he is served with defendants' opposition.

    4. No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment with respect to plaintiff's remaining claim, or shall inform the Court that they are of the opinion such a motion is not warranted.

    The motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. <u>Summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.</u>

    5. Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

    The Ninth Circuit has held that the following notice should be given to plaintiffs facing summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

<u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read

Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

      6. Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

      7. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      8. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.

      9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

      This order terminates Docket Nos. 26 and 44 on this Court's docket.

      IT IS SO ORDERED.

DATED: November 1, 2007

_____
MAXINE M. CHESNEY
United States District Judge